**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AOLIN ZHANG, | No. 07-73640 |
| Petitioner, | Agency No. A095-303-074 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2011**
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Aolin Zhang petitions for review of the decision by the Board of

Immigration Appeals ("BIA") affirming the denial of his claims for asylum,

withholding of removal and protection under the United Nations Convention

Against Torture ("CAT"). We lack jurisdiction to review any pure questions of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

fact underlying the BIA's determination that Zhang did not file his asylum application within one year of his arrival in the United States, 8 U.S.C. § 1158(a)(3); we dismiss Zhang's arguments to the extent that they raise such factual questions. Pursuant to 8 U.S.C. § 1252, we have jurisdiction over Zhang's remaining claims.[1] Because we conclude that substantial evidence supports the adverse credibility determination, we deny the petition for review.

The facts of this case are known to the parties. We do not repeat them.

We review the BIA's adverse credibility findings for substantial evidence.[2] *Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir. 2004). We uphold the BIA's credibility findings "unless the evidence compels a contrary result." *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010). We review the decisions of both the immigration judge ("IJ") and the BIA because the BIA adopted the IJ's decision by citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), but also provided its own reasoning. *See Joseph*, 600 F.3d at 1240.

---

[1] This includes any mixed questions of law and fact regarding the timeliness of Zhang's asylum application. *See Tamang v. Holder*, 598 F.3d 1083, 1088-89 (9th Cir. 2010).

[2] Because Zhang filed his application for relief before May 11, 2005, we evaluate the adverse credibility determination applying pre-REAL ID Act standards. *Joseph*, 600 F.3d at 1240 n.3.

To support an adverse credibility finding, the IJ must articulate a "specific, cogent reason" that "bear[s] a legitimate nexus to the finding." *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir. 2000) (internal quotation marks omitted). We agree that "faulty or unreliable translations" may undermine some of the many bases for the adverse credibility determination. *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003). Nevertheless, we accept an adverse credibility finding "as long as one of the identified grounds underlying the credibility finding is supported by substantial evidence and goes to the heart of [Zhang's] claims." *Kin v. Holder* 595 F.3d 1050, 1055 (9th Cir. 2010).

We conclude that Zhang's use of a false name and his false statements under oath about his arrest support the adverse credibility determination. Although "[u]ntrue statements by themselves are not reason for refusal of refugee status," Zhang's untrue statements are significant "in the light of all the circumstances of the case." *See Turcios v. INS*, 821 F.2d 1396, 1400 (9th Cir. 1987).

Identity is a key element of an asylum claim. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Zhang claimed a false identity, and later denied it, well after he had gained entry into the United States. This is not like cases where the applicant made false statements to immigration officials to gain entry into the United States. *See, e.g.*, *Akinmade v. INS*, 196 F.3d 951, 955-56 (9th Cir. 1999).

3

Zhang's veracity is further questioned by his false statements, under oath, that he had never been arrested in the United States. Unlike the petitioner in *Turcios*, who made false statements to immigration officials at the border to gain entry into the United States, 821 F.2d at 1400, Zhang made false statements at his asylum hearing, under oath, before the immigration judge. This is far from trivial. "The major check on the asylum seeker's incentive to lie is an oath to tell the truth." *Martinez v. Holder*, 557 F.3d 1059, 1065 (9th Cir. 2009). Because "the asylum process is ultimately an honor system," which "depends largely on the assumption that asylum seekers will take the oath seriously," we "construe and enforce the oath strictly." *Id.*

When "viewed in light of all the evidence presented in the case," Zhang's false statements support the adverse credibility determination. *See Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir. 2005). Zhang gave inconsistent accounts of when the events leading up to and including his conversion occurred, and his testimony was filled with inconsistencies and a lack of details. The only explanation that Zhang could offer for these defects was simply that he could not remember. For all of these reasons, we uphold the adverse credibility finding.

Without credible testimony establishing a well-founded fear of persecution, Zhang's asylum and withholding claims fail. *Farah*, 348 F.3d at 1156. Zhang's

4

claim for CAT relief must also fail because there is no credible evidence establishing that he will more likely than not be tortured upon returning to China. *Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

DISMISSED in part and DENIED in part.